≋JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Maria Garcia, Individually and As Next Friend of Minor, J. Garcia

**DEFENDANTS**
Navasota Independent School District, Bill Murray, Individually, Jennifer Shoalmire, Individually, Jennings Teel and Roy Gesh, Individually

(b) County of Residence of First Listed Plaintiff: **Grimes**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Grimes**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Daniel M.L. Hernandez, Daniel K. Hernandez
Hernandez Law Firm, P.C.
308 E. Villa Maria Rd., Bryan, TX 77801

Attorneys (If Known)
Karla Schultz
Walsh Anderson Brown Aldridge Gallegos, P.C.
Centennial Towers, 505 E. Huntland Dr. #600, Austin, TX 78752

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title 9, Section 1983

Brief description of cause:
Five (5) year old child molested and discriminated against by teacher and school district

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____ DOCKET NUMBER _____

DATE: 12-3-09
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES OF DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIA GARCIA, INDIVIDUALLY AND AS NEXT FRIEND OF MINOR, J. G. | § § § § | |
| **Plaintiffs** | § § | |
| v. | § § | CIVIL ACTION NO.<br>JURY DEMAND |
| NAVASOTA INDEPENDENT SCHOOL DISTRICT, BILL MURRAY, INDIVIDUALLY, JENNIFER SHOALMIRE, INDIVIDUALLY, JENNINGS TEEL, INDIVIDUALLY AND RORY S. GESCH, INDIVIDUALLY. | § § § § § § § § | |
| **Defendants** | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, MARIA GARCIA, Individually and as Next Friend of J. G., Plaintiffs, and file this Original Complaint, complaining of the actions of the Navasota Independent School District ("NISD"), Bill Murray, Individually, Jennifer Shoalmire, Individually, Jennings Teel, Individually and Rory Gesh, Individually and for cause of action would respectfully show Court as follows:

### JURISDICTION AND VENUE

1. This Court possesses subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343.

2. Venue is proper in the Southern District of Texas in that the claim arose in the Southern District of Texas, and because Defendants reside in the Southern District of Texas. 28 U.S.C. §1391.

### PARTIES

3. Plaintiff Maria Garcia is a resident of Grimes County, Texas.

4. Minor J. G. is a citizen of the United States and a resident of Grimes County, Texas.

5. Defendant Navasota Independent School District ("NISD") is an Independent School District and governmental entity operating under the laws and statutes of the State of Texas, and may be served upon it President or Superintendent, Mr. Rory S. Gesch, at his place of business, 705 E. Washington Avenue, Navasota, Texas 77868.

1

6. Defendant Principal, Mr. Bill Murray, may be served at his place of business, 1605 Neal Street, Navasota, Texas 77868.

7. Defendant Vice Principal, Ms. Jennifer Shoalmire, may be served at her place of business, 1605 Neal Street, Navasota, Texas 77868.

8. Defendant Former Assistant/Superintendent, Jennings Teel, may be served at his residence, 616 Church St., Navasota, Texas 77868,

9. Defendant Superintendent, Rory Gesch, may be served at his place of business, 705 E. Washington Avenue, Navasota, Texas 77868.

## FACTS

10. This is a cause of action arising from the molestation suffered by (5) year old minor, J.G., as a result of the N.I.S.D School Board knowing, willful ignorance and failure to follow N.I.S.D's internal policy and Family Code Chapter 261. Specifically, the failure to report, investigate and terminate Defendant Andaverde due to a prior valid report of child molestation made by the parents of a prior (5) year old little girl involving the same NISD School Board teacher, Mr. Roberto Andaverde ("Andaverde").

11. Defendant Andaverde was born and raised in Mexico. He is not a United States citizen and/or permanent resident. He is a Mexican citizen. Defendant Andaverde studied in Mexico to become an electrical engineer not a teacher while living in Mexico. Andaverde had no educational and/or practical training teaching prior to becoming an employee of N.I.S.D. Defendant Andaverde was a single, 29 year old man, when he first came to the United States. According to his employment file, Defendant Andaverde had no prior experience working in schools with children and/or as a school teacher, before immigrating to the United States. Moreover, Defendant Andaverde had no experience working with kindergarten and/or pre-kindergarten children. At best, he spoke English and Spanish and desired to be around kindergarten children.

12. J.G. attended Defendant School District. Andaverde was a kindergarten teacher at John C. Webb School in 2008-2009; Andaverde was J.G.'s kindergarten teacher.

13. On or about October 7, 2009, Andaverde molested J. G in her homeroom classroom during school. Specifically, Andaverde would touch minor J. G's genitalia area using his fingers. Specifically, Andaverde, would hug J.G. using one hand and then used his other hand to touch J.G.'s genitalia area. Minor, J. G. reported the incident to her mother, Maria Garcia.

14. J.G.'s mother reported the incident the same evening that she received the complaint from J.G. and discovered vaginal discharge and redness in minor's genatilia area.

15. J.G.'s mother immediately reported the incident to Assistant Principal, Ms. Jennifer Shoalmire, via telephone and then in person that same evening. Ms. Shoalmire told Ms. Garcia that she was going to contact the school Principal, Mr. Bill Murray, that same evening. Ms. Shoalmire returned Ms. Garcia's call and told her that per Mr. Murray, "Maria was to take Minor, J. Garcia to school as usual" and he would set up a meeting with the school counselor, Ms. Thomas and Ms. Shoalmire and that "the parents were not to be present at said meeting."

16. October 8, 2009 around 7:30 a.m., the minor's father, Mr. Garcia went to the school to obtain answers about the incident and before he had the opportunity to enter the school, Ms. Shoalmire stopped him and stated to Mr. Garcia that he needed to go back home and wait for the school to investigate the incident.

17. Robert Andaverde's sexual abuse had previously been reported to Principal Murray at John C. Webb School by at least one other family less than four (4) years earlier. According to the witnesses, the complaint alleged improper touching on more than one occasion by Andaverde with a female student not older than five (5) years of age during school in the classroom. No disciplinary action was taken by Principal Murray, Superintendent, and/or human resources and/or the school district against Andaverde. The district never contacted Navasota Police Department to conduct a formal investigation into this allegation against Andaverde. Additionally, the district never contacted the Texas Department of Family and Protective Serices to conduct an investigation.   Upon learning this information, Plaintiff has filed a complaint/grievance with Navasota Independent School District.

## CAUSE OF ACTION ONE
## CIVIL RIGHTS VIOLATIONS

18. Plaintiff restates, re-allege and incorporate each and every allegation contained in Paragraphs (10) through (17) of this Complaint.

19. The above and foregoing conduct violates J.G.'s civil rights as guaranteed by the statutes and Constitution of the United States.

20. J. G's assault and deprivation of constitutional rights resulted from the NISD School Board, as the NISD policy maker, and through its designated Title IX compliance coordinator's custom, policy, and/or practice of failing to report, investigate, and discipline Andaverde for previous complaints of similar sexual assaults and harassment. Further, the NISD School Board's designation of Principal Murray amounted to delegation of policymaking authority.

21. Additionally, the NISD School Board's official training practices, customs, and policies of its employees, including but not limited to Superintendents Jennings Teel, Rory Gesch, Principal

3

Murray, and Vice Principal Shoalmire with regard to the handling of reports of sexual assaults and harassment was obviously inadequate and such inadequacy was so likely to result and did actually result in subsequent sexual assault by Andaverde, who had been the subject of previous complaints of similar sexual assaults and harassment.

22. Each of the acts alleged herein were done by Defendant School District, by and through its agents, servants, representatives, employees, supervisors, and policy makers, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs, policies, usages, and continuing course and under control of NISD.

23. Additionally, Individual Defendants do not enjoy qualified immunity because a reasonable person in the School board, Superintendent or Principal's position at the time of the occurrences would have realized that demonstrating deliberate indifference to what they knew was the imminent danger posed by Andaverde subjected them to supervisory liability pursuant to 42 U.S.C. § 1983.

24. The NISD School Board, Superintendent and Principal Murray had knowledge of Andaverde's misconduct, which was repeated and recent; moreover, NISD School Board, Principal Murray and the Superintendent's failure to take action against Andaverde constituted "knowing acquiescence" to abuse. When faced with the option to transfer, suspend, punish, or reprimand Andaverde, NISD School Board, Superintendent Teel, Gesch and Principal Murray left Andaverde in his position as a kindergarten teacher, a perfect opportunity for further sexual abuse of other little girls.

25. In light of the reports from another student, Andaverde displayed a pattern of sexual harassment and assault towards J.G. as early as the beginning of the 2009 school year. NISD School Board, through it designated coordinator Jennings Teel had been exposed to these reports that revealed that Andaverde was a threat and showed a strong likelihood of repeat molestation and harassment of another student. Therefore, the NISD School Board was put on notice by the student's reports, the student's parent's reports that Andaverde was a threat to kindergarten children, and NISD still failed to take adequate precautions to protect the other child from this teacher who had a history of molesting and harassing children. NISD's failure to act amounted to a deliberate indifference to the constitutional rights of kindergarten students.

26. The inaction of the NISD School Board, Superintendent, and Principal Murray constitutes supervisory encouragement, condonance, acquiescence and gross negligence amounting to deliberate indifference to J. G's Civil Rights. Specifically, there is no evidence that NISD attempted to remove, suspend, punish, or even reprimand Andaverde in or around 2005, when NISD first learned about Andaverde's propensity to sexually harass, molest and assault kindergarten students. Rather, the decision to leave a sexual predator at John C. Webb

Elementary, with unlimited exposure to other kindergarten students, amounted to deliberate indifference to the constitutional rights of J.G. and other kindergarten students at John C. Webb Elementary.

27. J. G. as a direct and proximate result of the wrongful acts of NISD School Board, Superintendent and Principal Murray suffered sexual harassment and assault. NISD School Board and Principal Murray failed to report other kindergarten student's reports of similar occurrences that happened prior to 2009 to the police and/or child protective services. NISD School Board and Principal Murray had knowledge of the serious nature of the other kindergarten student's allegations, but responded with deliberate indifference to that risk. Rather, Defendants chose to ignore the complaints. Put simply, by not taking proper action against Andaverde, NISD School Board, the Superintendent Jennings/Gesch and Principal Murray put other kindergarten students, like J. G., in great peril. As a result of this action, J.G., and other students suffered inappropriate sexual conduct by their teacher, and NISD's deliberate indifference to the prior student's allegations with the proximate cause of J. G's injuries.

28. NISD's failure to adopt an official policy or otherwise enforce a policy regarding sexual harassment or misconduct serves as the basis for § 1983 liability as NISD's omission, because it had knowledge of previous inappropriate acts by Andaverde, amounts to an intentional choice and not one (1) that is merely unintentional negligent oversight. This omission NISD is the equivalent to an intentional choice amounting to a deliberate indifference to the likelihood that Andaverde would repeat his conduct. By failing to act through enforcement of some policy regarding sexual harassment or misconduct it is obvious the consequence would result in additional acts by Andaverde resulting in the deprivation of J. G.'s constitutional rights, as well as the constitutional rights of the other students within NISD. Because NISD did nothing in response to previous allegations of sexual abuse and misconduct by Andaverde of a 5 year old student, NISD's failure to adopt or enforce any policy in response to that conduct can only be considered as an intentional choice that was consciously indifferent to the constitutional rights of NISD students. NISD was not negligent in failing to report the prior incident involving abuse and Andaverde; rather, NISD chose to intentionally ignore the complaint and chose to intentionally not report the complaint to the proper authorities (i.e. Health and Human Services and Police) regarding the serious allegations raised to them by a mother of a five year old girl concerning touching of the genitals by the sexual predator, Andaverde, prior to the incident involving minor, J. G..

## CAUSE OF ACTION TWO
## TITLE IX

29. Plaintiff restates, re-alleges and incorporates each and every allegation contained in Paragraphs (10) through (28) of this Complaint.

30. Plaintiffs would further show that NISD is liable to Plaintiffs pursuant to 20 U.S.C. § 1681. Again, Plaintiffs alleges that NISD, through its agents, employees, directors, superintendent, principal, policy makers and other persons vested with authority acted in such a manner that J. G. was subjected to discrimination in violation of her bodily integrity based upon her sex. NISD through its policy makers, agents, employees, directors, superintendent, and principal has the authority to address the discrimination and sexual misconduct exhibited by Andaverde and to institute corrective measures on NISD's behalf. Further, NISD had actual knowledge of the discrimination engaged in by Andaverde, and failed to respond adequately or otherwise, to this discrimination. As a result of the NISD's failure to respond, Andaverde was given the opportunity as well as implied acquiescence, to commit additional discriminatory acts against the other NISD students. The same failure by NISD did result in the sexual assault and discrimination by Andaverde against J. G.

## DAMAGES

31. As direct and proximate result of each and every violation of J. G.'s rights set forth above, and pursuant to each and every cause of action alleged above, Plaintiff J. G. has suffered in the past and will continue to suffer in the future:
    a. Mental injury, pain and anguish; and
    b. Medical and psychological expenses;
    c. Loss of liberty;
    d. Deprivation of constitutional rights; and
    e. Emotional distress.

32. Plaintiff Maria Garcia is entitled to recover in her individual for any medical and psychological expenses which need to be spent on for J.G.'s welfare.

33. Pursuant to 42 U.S.C. § 1988, Plaintiff J. G. also seeks her reasonable attorney's fees.

## JURY DEMAND

34. A jury trial is demanded.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands the following relief pursuant to each cause of action:

a. Compensatory damages for Plaintiff in an amount in excess of the jurisdictional limits of this Court;
b. Reasonable attorneys' fees;
c. Cost and expenses; and
d. All such other relief as this Court may deem appropriate, including costs and reasonable attorneys' fees.

Respectfully submitted,

**HERNANDEZ LAW FIRM, P.C.**
308 E. Villa Maria Rd.
Bryan, Texas 77801
Telephone:     (979) 822-6100
Facsimile :    (979) 822-6001

_____
Daniel M.L. Hernandez
Federal ID No. 35338
State Bar No. 24034479
Daniel R. Hernandez
Federal ID No. 35339
State Bar No. 09515690
**ATTORNEYS FOR PLAINTIFF**