IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIA GARCIA, Individually and | § | |
| As Next Friend of Minor J.G., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-3892 |
| | § | |
| NAVASOTA INDEPENDENT | § | |
| SCHOOL DISTRICT, *et al.*, | § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

This civil rights lawsuit is before the Court on the Motion to Dismiss or, In the Alternative, Motion for More Definite Statement ("Motion") [Doc. # 3] filed by Defendants Navasota Independent School District ("Navasota ISD"), Bill Murray, Jennifer Shoalmire, and Rory S. Gesch.[1]  Plaintiff filed a Response [Doc. # 7], and Defendants filed a Reply [Doc. # 8].  Having reviewed the record and the relevant legal authorities, the Court **denies** Defendants' Motion because the Original Complaint, as supplemented by Plaintiff's Response, adequately states a claim for relief against Defendants under 42 U.S.C. § 1983 and Title IX, 20 U.S.C. § 1681.

---

[1] Bill Murray is the principal at the John C. Webb School in the Navasota ISD, Jennifer Shoalmire is the vice principal at the school, and Rory S. Gesch is the Navasota ISD Superintendent.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff Maria Garcia is the mother of minor J.G., a five year old kindergarten student at the John C. Webb School in the Navasota ISD. Plaintiff alleges that J.G. was sexually molested on at least two occasions in October 2009 by her teacher, Roberto Andaverde.[2] Plaintiff alleges that the teacher had previously molested at least one of his kindergarten students and that the abuse had been reported to the school principal, Bill Murray. Plaintiff alleges that Murray took no disciplinary action against the teacher and allowed him to remain employed as a kindergarten teacher at the school.

## II. STANDARD FOR MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Id.*

Recent decisions by the Supreme Court have elaborated on the pleading standards for civil litigation. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl.*

---

[2] Andaverde has been indicted by a Grimes County grand jury, charged with two counts of indecency with a child by contact.

*Corp. v. Twombly*, 550 U.S. 544 (2007). The Supreme Court emphasized two "working principles" underlying its decisions in *Iqbal* and *Twombly*: first, while a court must accept as true all factual allegations in a complaint, the court need not accept a complaint's legal conclusions as true; second, a complaint must state a "plausible claim for relief" in order to survive a motion to dismiss. *Iqbal*, 129 S. Ct. at 1949-50. Factual allegations are assumed to be true, even if doubtful in fact. *Twombly*, 550 U.S. at 555; *Lindquist v. City of Pasadena*, 525 F.3d 383, 386 (5th Cir. 2008).

## III.   ANALYSIS

### A.   Section 1983

"To state a section 1983 claim, 'a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.'" *James v. Texas Collin County*, 535 F.3d 365, 373 (5th Cir. 2008) (quoting *Moore v. Willis Indep. Sch. Dist.,* 233 F.3d 871, 874 (5th Cir. 2000)). A plaintiff must establish either that the defendant was personally involved in the deprivation or that the defendant's wrongful actions were causally connected to the deprivation. *Id.* (citing *Anderson v. Pasadena Indep. Sch. Dist.,* 184 F.3d 439, 443 (5th Cir. 1999)). A school district and/or a school official can be held personally liable if the defendant

"supervises its employees in a manner that manifests deliberate indifference" to a student's Constitutional right to bodily integrity.  *See Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 453-54 (5th Cir. 1994) (*en banc*).  The school district or school official's liability under § 1983 "arises only at the point when the student shows that the official, by action or inaction, demonstrates a deliberate indifference to his or her constitutional rights." *Id.* at 454.  A plaintiff seeking to impose liability on a school district or on a supervisory school official personally for a subordinate's violation of a student's constitutional right to bodily integrity in physical sexual abuse cases must allege and prove that:  (1) the defendant learned of facts or a pattern of inappropriate sexual behavior by a subordinate pointing plainly toward the conclusion that the subordinate was sexually abusing a student; (2) the defendant demonstrated deliberate indifference toward the constitutional rights of the students by failing to take action that was obviously necessary to prevent or stop the abuse; and (3) the defendant's deliberate indifference caused a student to suffer a constitutional injury.  *Id.*

     Plaintiff in the Original Complaint alleges only that J.G. suffered a violation of her constitutional rights by her kindergarten teacher, an employee of Navasota ISD.  In her Response to the Motion to Dismiss, however, Plaintiff explains more fully that her § 1983 claim is based on an alleged violation of J.G.'s right to bodily integrity and to be free from sexual abuse by school teachers.  *See* Response, p. 7.

Plaintiff alleges that Defendants knew of facts regarding the teacher's prior molestation of at least one other five-year-old kindergarten student.[3] Plaintiff alleges that Defendants demonstrated deliberate indifference when faced with that knowledge by failing to take any action against the teacher and, instead, allowing him to continue working as a kindergarten teacher in the Navasota ISD. Plaintiff also alleges that Defendant's deliberate indifference resulted in the teacher being in a position to sexually abuse J.G., causing her to suffer a constitutional injury. These allegations, taken as true for purposes of the Motion to Dismiss, are sufficient to state a claim for relief under § 1983. *See Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d at 454. Defendants are not entitled to dismissal of Plaintiff's § 1983 claim.

### B. Title IX

Title IX provides that "[n]o person in the United States shall on the basis of sex, be excluded from participation in, be denied the benefits of, or be subject to discrimination under any educational program or activity receiving federal financial assistance." 20 U.S.C. § 1681(a). Sexual harassment or abuse of a student in a federally funded school by a teacher or employee of the school can render the school

---

[3] Plaintiff alleges that the teacher's sexual abuse of a kindergarten student had been reported by "at least one other family" and that each individual Defendant knew of the reports of prior sexual abuse. The extent of the teacher's prior sexual abuse of his students and the source of any Defendant's knowledge can be explored through the discovery process.

liable under Title IX. *See Franklin v. Gwinnett County Pub. Schs.,* 503 U.S. 60, 63-64 (1992). To recover damages from a school district for a teacher's sexual abuse of a student, the plaintiff must allege and prove that "(1) a school district employee with supervisory power over the offending teacher (2) had actual notice of the [abuse] and (3) responded with deliberate indifference." *King v. Conroe Indep. Sch. Dist.*, 289 F. App'x 1, 4 n.3 (citing *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998)). A student who is sexually abused by a teacher can recover from the school district under Title IX if the "school district actually knew that there was a substantial risk that sexual abuse would occur." *See Rosa H. v. San Elizario Indep. Sch. Dist.*, 106 F.3d 648, 652-53 (5th Cir. 1997).

Plaintiff in this case alleges that the minor J.G. was sexually abused by her kindergarten teacher. Plaintiff also alleges that Murray, the school principal, had actual prior notice that the teacher previously abused at least one other student in a similar manner, providing actual knowledge that there was a substantial risk that the teacher would sexually abuse another student. Plaintiff alleges that Murray acted with deliberate indifference by failing to discipline the teacher and by allowing him to remain employed as a kindergarten teacher in the district. These allegations, accepted at this stage of the proceedings as true, adequately assert a claim under Title IX.

## IV.    CONCLUSION AND ORDER

The allegations in Plaintiff's Original Complaint, supplemented by the Response to Defendants' Motion to Dismiss, adequately states a claim for relief against Defendants under § 1983 and under Title IX. Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Dismiss [Doc. # 3] is **DENIED**.

SIGNED at Houston, Texas, this **2nd** day of **February, 2010**.

_____
Nancy F. Atlas
United States District Judge