UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIA GARCIA, INDIVIDUALLY, | § | |
| AND AS NEXT FRIEND OF MINOR, | § | |
| J. G., | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| NAVASOTA INDEPENDENT SCHOOL | § | Civil Action No. 4:09-CV-03892 |
| DISTRICT, BILL MURRAY, | § | |
| INDIVIDUALLY, JENNIFER | § | |
| SHOALMIRE, INDIVIDUALLY, | § | |
| JENNINGS TEEL, INDIVIDUALLY, | § | |
| AND RORY S. GESCH, | § | |
| INDIVIDUALLY. | § | |
| Defendants. | § | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION TO EXTEND TIME FOR DEADLINE TO FILE
RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

NOW COME Defendants Navasota Independent School District, Bill Murray, and Jennifer Shoalmire, and file their Response to Plaintiff's Motion to Extend Time for Deadline to File Response to Defendants' Motion for Summary Judgment, and respectfully show the Court the following:

1.   In December of 2009, Plaintiff filed suit, individually and on behalf of her daughter, J.G., alleging that on or about October 7, 2009, J.G.'s teacher, Roberto Andaverde, molested her at John C. Webb Elementary School.  This action asserts claims under 42 U.S.C. § 1983 and Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*  On October

21, 2010, Defendants filed their Motion for Summary Judgment. Docket Entry ("DE") 58. Plaintiff's responsive deadline was November 11, 2010. On November 23, Plaintiff filed her Response to Defendants' Motion for Summary Judgment under seal, without any attempt to confer with counsel for Defendant regarding the timeliness of the response. DE 84.

2. Several hours after filing her Response,[1] counsel for Plaintiff sent a cursory email stating nothing more than "[a]re you opposed to Plaintiff's filing her Motion to extend deadline to respond to Defendant's Motion For Summary Judgment? Please advise." Counsel for Plaintiff did not attempt to telephone counsel for Defendants, or otherwise inform Defendants' counsel of the reason for the request.

3. Plaintiff claims the delay in filing was because "the deadline had been scheduled in error." DE 86 at 5. As support for this contention, she attaches two affidavits stating that "the deadline for Plaintiff to respond to Defendant's [sic] Motion for Summary Judgment was calculated and inserted in Maria V's client file folder; rather than, client, Maria G. who is the Plaintiff in the case at bar." *Id*. at Exhibit A; *see also* Exhibit B. Plaintiff does not explain this statement, or otherwise describe how a deadline is "inserted" in a file, rather than calendared.

---

[1] Plaintiff's counsel sent the "conference" email well after the Response was filed, but before he extended Defendants' counsel the courtesy of delivering a copy of the sealed pleading. Defendants requested an emailed copy of the pleading as soon as it was filed, and were told that "a copy is being sent to your office today." However, in what can only be construed as a petty attempt to delay receipt of the pleading, counsel for Plaintiff did not send the copy until 4:57 p.m. that afternoon.

4.      Regardless of Plaintiff's alleged justifications, since the dispositive motion deadline Plaintiff has filed six separate pleadings, one of which was a timely response to Defendants' Motion to Exclude Plaintiff's Experts (which was due on the same day as Plaintiff's Response to Defendants' Motion for Summary Judgment), and the other was a Motion for Leave to file an out-of-time Motion to Exclude Defendants' Expert (which discussed the dispositive motion deadline of October 21, 2010).  DEs  69, 70.  Plaintiff further received *Defendants' timely responses and objections to Plaintiff's dispositive motions*, and has attended five depositions (one of which was canceled when Plaintiff's expert failed to appear).  Considering the flurry of activity that has surrounded this case in the past month, including both Plaintiff's and Defendants' timely responses to various dispositive motions, Plaintiff's excuse of not realizing the deadline has been filed in the wrong case is disingenuous at best.

5.      Federal Rule of Civil Procedure 6(b)(1)(B) permits courts to grant untimely motions for leave only "if the party failed to act because of excusable neglect."  "The determination of 'what sorts of neglect will be considered 'excusable' ... is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Sostand v. Kansas City S. Ry. Co.*, Civil Action No. H-07-3858, 2009 WL 1758768 at *1 (S.D. Tex. 2009) (unpublished) (quoting *Tex. Dep't Hous. and Cmty. Affairs v. Verex Assurance, Inc.*, 158 F.3d 585, 1998 WL 648608, at *2 (5th Cir. Sept.11, 1998) (unpublished)) (attached hereto as Exhibit A).  At this point in these proceedings, Plaintiff's continued efforts to

overwhelm Defendants' counsel and this Court with a deluge of frivolous and often untimely pleadings borders on sanctionable conduct.[2]

6.      While Plaintiff contends that denial of her Motion to Extend "would grant Defendants a judgment based on the clerical error," the law does not permit the Court to grant a Motion for Summary Judgment based on the opposing party's failure to respond. Rather, the moving party must demonstrate that there is no genuine issue of material fact. *Davidson v. Stanadyne, Inc.*, 718 F.2d 1334, 1340 (5th Cir. 1983) (citations omitted). Thus, Plaintiff would suffer no prejudice if this Court exercised its discretion an denied Plaintiff's continued attempt to prolong this frivolous suit by filing yet another untimely pleading.

7.      Finally, Plaintiff's twenty-four-page Response to Defendants' Motion for Summary Judgment does not demonstrate a pleading thrown together at the last minute upon the discovery of a missed deadline. Even a poorly-drafted twenty-four page document takes some time to prepare. Despite this, Plaintiff made no effort to confer with Defendants' counsel at any time prior to filing her untimely response.[3] Under these circumstances, Plaintiff's failure to timely respond cannot constitute excusable neglect, and her motion should be denied.

---

[2] To date, Plaintiff has filed an untimely Motion to Exclude (see DE 71), an untimely amendment to her Motion for Summary Judgment (*see* DE 81), and the untimely Response to Defendants' Motion for Summary Judgment.

[3] Plaintiff's Response was filed at 9:20 a.m. on November 23, 2010. *See* DE 84. At the very least, Plaintiff had to have begun working on the document the prior day, yet counsel did not attempt to confer with counsel for Defendants about a possible agreed Motion for Leave.

### III. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants urge this Court to deny Plaintiff's Motion to Extend Time for Deadline to File Response to Defendants' Motion for Summary Judgment and strike Plaintiff's untimely Response to Defendants' Motion for Summary Judgment.  Further, Defendants request the Court grant such other and further relief, both general and specific, in law or at equity, as the Court deems just and proper.

Respectfully submitted,

By: ___/s/ *Todd A.Clark*_____
TODD A. CLARK
State Bar No. 04298850
Federal Bar No. 18324
CAROLE S. CALLAGHAN
State Bar No. 24050370
Federal Bar No. 635050
WALSH, ANDERSON, BROWN,
GALLEGOS & GREEN, P.C.
P. O. Box 2156
Austin, TX  78768
Office:      512.454.6864
Fax:         512.467.9318
Email:       tclark@wabsa.com
             ccallaghan@wabsa.com

ATTORNEYS FOR DEFENDANTS NAVASOTA ISD, BILL MURRAY, AND JENNIFER SHOALMIRE

OF COUNSEL:
Bridget R. Robinson
State Bar No. 17086800
Southern District No. 16521
WALSH, ANDERSON, BROWN
GALLEGOS, & GREEN, P.C.
P.O. Box 2156
Austin, Texas 78768
Telephone: (512) 454-6864
Facsimile: (512) 467-9318

## CERTIFICATE OF SERVICE

     I hereby certify that on the 30th day of November, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Daniel M.L. Hernandez
    Daniel R. Hernandez
    Hernandez Law Firm, P.C.
    308 E. Villa Maria Rd.
    Bryan, Texas 77801

                                          */s/      Todd A. Clark*
                                          Todd A. Clark