UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIA GARCIA, Individually and § | | |
| As Next Friend of Minor J.G., § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-09-3892 |
| § | | |
| NAVASOTA INDEPENDENT § | | |
| SCHOOL DISTRICT, *et al.*, § | | |
| Defendants. § | | |

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff's "Motion to Extend Time for Deadline to File Response to Defendants' Motion for Summary Judgment" [Doc. # 86] ("Motion to Extend"). Defendants have responded [Doc. # 87]. Upon review of the parties' submissions, all pertinent matters of record, and applicable law, the Court concludes that Plaintiff's Motion to Extend should be **granted**.

Defendants filed a Motion for Summary Judgment [Doc. # 58] on October 21, 2010. Plaintiff's response to Defendants' Motion for Summary Judgment was due November 11, 2010,[1] but her response was not filed until November 23, 2010 [Doc. # 84]. On the same day Plaintiff filed the instant Motion to Extend, requesting the

---

[1] *See* HON. NANCY F. ATLAS, COURT P. 6(A)(4), *available at* http://www.txs.uscourts.gov/district/judges/nfa/nfa.pdf.

Court extend the time to file her response under Federal Rule of Civil Procedure 6(b) and deem Plaintiff's Response [Doc. # 84] timely filed.

Rule 6(b) governs the Court's discretion to extend the time for filing when a deadline has passed. Rule 6(b)(1) provides that the Court may, for good cause, extend the time "on motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1). "The determination of 'what sorts of neglect will be considered "excusable" . . . is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Tex. Dep't Hous. and Cmty. Affairs v. Verex Assurance, Inc.*, 158 F.3d 585, 1998 WL 648608, at *2 (5th Cir. Sept. 11, 1998) (unpublished) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993)). In determining whether there has been excusable neglect, the Court should consider the following non-exclusive factors: (1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *See Pioneer*, 507 U.S. at 395; *see also Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 n. 8 (5th Cir. 2006).

Plaintiff has demonstrated that Defendant will not suffer cognizable prejudice from the Court's permitting the late response other than that Defendants' Motion for

Summary Judgment will be opposed. Plaintiff indicates that there are no new issues or facts present in the late filing that would not have been present had the response been timely filed. The fact that a substantive summary judgment motion is opposed is not unfair prejudice to Defendants. Defendants timely filed a Reply [Doc. # 88] on November 30, 2010. Given the timing of Plaintiff's Response, if Defendants need to supplement their Reply, they may do so on or before December 7, 2010.

Moreover, as to the other excusable neglect factors, Plaintiff has established that granting her motion will not cause appreciable delay. The response was only 12 days late. This case is not set for trial, the Court has not considered Defendants' Motion, and the Court has not ruled on any currently pending pre-trial motions.

Finally, the Court deems Plaintiff to be in good faith in litigating this case. She has engaged in meaningful discovery, including taking depositions and preparing and filing various motions in the case. This is not a circumstance where Plaintiff has sat on her hands during the discovery period.

In sum, considering all the relevant circumstances surrounding Plaintiff's omission, the Court concludes the interests of justice require granting the requested extension. Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion to Extend [Doc. # 86] is **GRANTED**. Plaintiff's Response [Doc. # 84] is deemed timely filed. It is further

**ORDERED** that if Defendants need to supplement their Reply [Doc. # 88], they may do so on or before **December 7, 2010.**  It is further

**ORDERED** that the Docket Control Order [Doc. # 20] is amended as follows:

Joint Pretrial Order					February 20, 2011

Docket Call (4:00 p.m.)				February 28, 2011

SIGNED at Houston, Texas, this 1st day of **December, 2010**.