IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIA GARCIA, Individually and § <br> As Next Friend of Minor J.G., § <br> Plaintiff, § <br> § <br> v. § <br> § <br> NAVASOTA INDEPENDENT § <br> SCHOOL DISTRICT, *et al.*, § <br> Defendants. § | | CIVIL ACTION NO. H-09-3892 |

## **MEMORANDUM AND ORDER**

This dismissed civil rights case was brought by Plaintiff against Defendants pursuant to 42 U.S.C. § 1983 and Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.* ("Title IX"). Pending before the Court is Defendants' Motion for Attorneys' Fees [Doc. # 99], to which Plaintiff has responded [Doc. # 100], and Defendants have replied [Doc. # 101]. Upon review of the parties' submissions, all pertinent matters of record, and applicable legal authorities, the Court concludes that Defendants' Motion should be **denied.**

## **I.    BACKGROUND**

This suit arose from the alleged molestation of minor J.G. by her kindergarten teacher Roberto Andaverde. Plaintiff Maria Garcia is the mother of minor J.G., who

in 2009 was a five year old kindergarten student at the John C. Webb School in the Navasota ISD ("NISD" or the "District"). Plaintiff alleges that J.G. was sexually molested on at least two occasions in October 2009 by her teacher, Roberto Andaverde ("Andaverde"). On December 3, 2009, Plaintiff filed suit against NISD and current and former NISD employees under Section 1983 and Title IX. Plaintiff argues that the District and its employees are liable for failing to investigate, failing to report, and attempting to "cover up" a 2005 complaint by minor V.Z. against Andaverde. Plaintiff alleges that Defendants' conduct allowed Andaverde to remain in the classroom, where he ultimately was able to molest her daughter, J.G. By Order dated January 31, 2011 [Doc. # 95], the Court granted Defendants' motion for summary judgment, dismissed Plaintiff's cross motions for summary judgment, and dismissed this case with prejudice.

On February 28, 2011, Defendants filed the instant Motion for Attorneys' Fees seeking reimbursement of $28,763.86 out of a total of $295,059.46 incurred in attorneys' fees and costs. Defendants seek this relief as sanctions against Plaintiff and her attorneys pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927, arguing that Plaintiff and Plaintiff's counsel failed to make adequate pre-suit investigation of the facts and failed to maintain continued vigilance in determining the

validity of their proffered claims. Defendants' Motion has been fully briefed and is now ripe for decision.

## II.   ANALYSIS

### A.   Rule 11 Sanctions

Rule 11(b) of the Federal Rules of Civil Procedure provides, in pertinent part:

> By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1)   it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2)   the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3)   the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; . . .

FED. R. CIV. P. 11(b).

Sanctions against litigants or their attorneys may be appropriate "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated . . . ." FED. R. CIV. P. 11(c). A violation of any of Rule 11(b)'s provisions justifies sanctions. *Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796,

802-03 (5th Cir. 2003). A district court has "'broad discretion to impose sanctions that are reasonably tailored to further the objectives of Rule 11.'" *Matter of Dragoo*, 186 F.3d 614, 616 (5th Cir. 1999) (quoting *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 968 F.2d 523, 533 (5th Cir. 1992)). However, a court should impose "'the least severe sanction that is adequate to fulfill this purpose.'" *Id.* (quoting *Am. Airlines*, 968 F.2d at 533).

The goal of Rule 11 is to "impose a duty to base claims upon factually and legally supportable grounds and to punish litigants and lawyers who unreasonably pursue frivolous suits." *FDIC v. Calhoun*, 34 F.3d 1291, 1296 (5th Cir. 1994). In assessing a litigant's conduct, the court considers whether the lawyer's certification that he has complied with Rule 11(b) is objectively reasonable under the circumstances and whether the filing was submitted for an improper purpose. *Id.*; *Whitehead*, 332 F.3d at 805. The party moving for sanctions bears the burden to overcome the presumption that pleadings are filed in good faith. *Tompkins v. Cyr*, 202 F.3d 770, 788 (5th Cir. 2000). A district court's decision whether to impose Rule 11 sanctions is subject to reversal if the Court abuses its discretion. *Whitehead*, 332 F.3d at 802; *Elliott v. Tilton*, 64 F.3d 213, 215 (5th Cir. 1995).

When pre-filing conduct is in issue, the Fifth Circuit has identified various factors that may be considered in determining whether an attorney made a reasonable

inquiry into the law or the facts, including: (1) the time available for investigation; (2) the extent to which the attorney relied on his client for factual support; (3) the feasibility of conducting a pre-filing investigation; (4) whether the attorney accepted the case from another attorney; (5) the extent development of the facts underlying the claim requires additional discovery; (6) the complexity of the factual and legal issues involved; (7) the plausibility of the legal view espoused; and (8) the litigant's *pro se* status. *Thomas v. Cap. Sec. Servs.*, 836 F.2d 866, 875–76 (5th Cir. 1988) (en banc); *see Childs v. State Farm Mut. Auto. Ins. Co.*, 29 F.3d 1018, 1026 (5th Cir. 1994). These factors are non-exclusive and "the determination of whether a reasonable inquiry has been made will, of course, be dependent upon the particular facts" of each case. *Thomas*, 836 F.2d at 875. The district court must adhere to the Fifth Circuit's well established "snapshot rule," which "ensures that Rule 11 liability is assessed only for a violation existing at the moment of filing." *Marlin v. Moody Nat'l Bank*, 533 F.3d 374, 380 (5th Cir. 2008) (quoting *Skidmore Energy, Inc. v. KPMG*, 455 F.3d 564, 570 (5th Cir. 2006)); *see also Thomas*, 836 F.2d at 874 ("Like a snapshot, Rule 11 review focuses upon the instant when the picture is taken-when the signature is placed on the document.").

The Court has carefully reviewed the parties' arguments. Defendants argue that Plaintiff failed to conduct a proper inquiry regarding her allegation that the NISD had

failed to investigate, failed to report, and attempted to "cover up" the prior V.Z. complaint.  Defendants also argue that Plaintiff violated Rule 11 by including Jennings Teel and Rory S. Gesch as Defendants.[1]  Plaintiff responds only to certain of these contentions.[2]

To determine whether an attorney made a reasonable inquiry into the law or facts prior to filing, the Court starts with the factors set forth in *Thomas*, 836 F.2d at 875-76.  The record does not establish that Plaintiff or her attorneys knew when they filed this suit that the previous V.Z. complaint was not sexual in nature.[3]  The details regarding the V.Z. complaint were not, and could not have been, known to Plaintiff or her counsel at the time the suit was filed.  Development of the facts underlying

---

[1]  Defendants Teel and Gesch were dismissed from this case by stipulation on October 12, 2010.  *See* Order dated October 12, 2010 [Doc. # 56].

[2]  In her response, Plaintiff argues that Defendants' motion is untimely.  This is incorrect.  The Court has jurisdiction to order sanctions under Rule 11 or Section 1927 even after final judgment has been issued on the underlying merits of a case.  *Ratliff v. Stewart*, 508 F.3d 225, 230 (5th Cir. 2007).  Additionally, because the Court denies Defendants' motion for sanctions on the merits, the Court need not address Plaintiff's alternative argument that she was not afforded the 21-day "safe harbor" provided under Rule 11(c)(2).  Plaintiff does not focus on the *Thomas* factors.

[3]  Defendants argue, without any factual support in the record, that it appears Plaintiff's counsel knew before the suit had been filed that the prior complaint involving a single incident was not of sexual misconduct.  *See* Motion for Attorneys' Fees [Doc. # 99], at 12.

Plaintiff's claim required additional discovery.[4] Plaintiff and her counsel reasonably could have believed that further evidentiary support could be obtained through further investigation or discovery. Additionally, this lawsuit was necessary to obtain important information about the knowledge and conduct of Defendants regarding the serious incidents involving J.G. The complexity of the factual and legal issues involved in this case weigh strongly against imposing sanctions.

The Court further finds that, on the information available to Plaintiff at outset of this case, Plaintiff's legal theories were plausible as against various, if not all, Defendants. Plaintiff could not ascertain until well into this suit whether there was a genuine fact issue about some or all Defendants having knowledge of V.Z.'s 2005 complaint, and whether the response of a Defendant to that complaint relevantly set the stage for the incidents regarding J.G.[5] The Court concludes that the Plaintiff's pre-suit inquiry was adequate given the circumstances at the time of filing and that Plaintiff did not violate Rule 11(b). Likewise, Plaintiff's decision to include Teel and Gesch at the outset as Defendants does not warrant sanctions. Rule 11 sanctions are not warranted in this case.

---

[4] The critical details of the V.Z. complaint took place in 2005. Plaintiff needed the benefit of discovery to discern the precise nature of that complaint in order to evaluate the strength of Plaintiff's legal claims against certain Defendants.

[5] Plaintiff was not required to accept Defendants' denials of knowledge as an immutable fact.

Defendants argue alternatively that the Court may impose sanctions pursuant to Rule 11(c)(3). Rule 11(c)(3) states that "on its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Having determined that Plaintiff did not violate Rule 11(b), the Court declines to issue a Show Cause order pursuant to Rule 11(c)(3).

## B.     Section 1927 Sanctions

Defendants also seek sanctions against Plaintiff's counsel pursuant to 28 U.S.C. § 1927. That provision states that any attorney who "multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "Sanctions under 28 U.S.C. § 1927 are punitive in nature and require 'clear and convincing evidence, that *every facet* of the litigation was patently meritless' and 'evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court.'" *Bryant v. Military Dep't of Mississippi*, 597 F.3d 678, 694 (5th Cir. 2010) (quoting *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 525-26 (5th Cir.2002) (emphasis in original)). Section 1927 may only be applied to punish attorneys. *Id.* at 525; *see Maguire Oil Co. v. City of Houston*, 143 F.3d 205, 208 (5th Cir. 1997). The Fifth Circuit considers the imposition of Section 1927 sanctions to be an exception, not the rule. *Conner v. Travis County*, 209 F.3d

794, 799 (5th Cir. 2000). Further, the Fifth Circuit has recognized the potential dampening effect of Section 1927 on the "'legitimate zeal of an attorney in representing her client,'" and therefore, construes the statute in favor of the sanctioned party. *Proctor & Gamble Co.*, 280 F.3d at 526 (quoting *Browning v. Kramer*, 931 F.2d 340, 344 (5th Cir. 1991)). Persistent prosecution of meritless claims will support sanctions under Section 1927, including repeated filings, often in contravention of repeated warnings from the court, or proof of litigious activities. *Id* at 525. Ultimately, the Court retains discretion in deciding whether to impose sanctions. *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998).

Defendants have failed to show that Plaintiff's counsel's actions amounted to bad faith or reckless disregard as required by Section 1927. No evidence has been offered to show that Plaintiff's counsel ignored repeated warnings from the Court. The Court is not persuaded that Plaintiff's counsel knowingly prosecuted a meritless claim. While Defendants offer a lengthy list of complaints related to Plaintiff's counsel's pursuit of this case,[6] the Court concludes that Plaintiff's counsel's conduct

---

[6] Defendants complain that Plaintiff's counsel: (1) took depositions that were not reasonably calculated to lead to admissible evidence; (2) requested discovery documents that were not reasonably calculated to lead to admissible evidence; (3) attempted to depose a consulting-only witness in violation of the Federal Rules of Civil Procedure; (4) filed two motions for summary judgment; (5) refused to dismiss with prejudice Teel and Gesch; (6) inaccurately and falsely represented the summary judgment evidence in multiple pleadings; (7) misrepresented Defendants' arguments;
(continued...)

does not rise to "vexatious" or "unreasonable" behavior, bad faith, improper motive, or reckless disregard. Construing the statute in favor of Plaintiff's counsel and evaluating the relevant factors set forth by the Fifth Circuit, the Court concludes that sanctions under Section 1927 are not warranted.

## IV.    CONCLUSION AND ORDER

Defendants have not met their burden to demonstrate that sanctions against Plaintiff or Plaintiff's counsel are warranted under either Federal Rule of Civil Procedure 11 or 28 U.S.C. § 1927.  It is therefore

**ORDERED** that the Defendants' Motion for Attorneys' Fees [Doc. # 99] is **DENIED**.

SIGNED at Houston, Texas, this 6th day of **June, 2011**.

_____
Nancy F. Atlas
United States District Judge

---

[6](...continued)
(8) failed to respond timely to pleadings; (9) filed late and unsupported pleadings; (10) refused to permit the reasonable examination of J.G. by Defendants' expert; (11) delayed in providing requested information; (12) unreasonably limited Defendants' access to discovery materials; and (13) persisted in prosecuting claims when the evidence clearly indicated Plaintiff had no legal basis for her claims.